UNITED STATES DISTRICT COURT
DISTRICT OF COLORADO

CASE NO.

INFOMEDIA, INC.,

                    Plaintiff,

v.

AIR-O-MATIC INC.,

                    Defendant.

_____ /

## COMPLAINT FOR DECLARATORY JUDGMENT

Plaintiff, InfoMedia, Inc., by and through undersigned counsel, for its Complaint for Declaratory Judgment against Air-O-Matic Inc., states as follows:

1.      This is an action for declaratory judgment under the Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202.

2.      This Court has subject matter jurisdiction over Plaintiff's federal claims pursuant to 15 U.S.C. §§ 1121, and 28 U.S.C. §§ 1331 and 1338 in that this Complaint raises federal questions arising under the Lanham Act, 15 U.S.C. § 1125, arising out of interstate commerce.

3.      Venue is proper in this judicial district under 28 U.S.C. §1391 in that defendant, upon information and belief, has sold products or services which are the subject of this action in this district.

4.      Defendant is subject to personal jurisdiction in Colorado pursuant to Colorado's long arm statute C.R.S. § 13-1-124.

**[REMAINDER OF PAGE INTENTIONALLY BLANK]**

**THE PARTIES**

5.     INFOMEDIA, INC. ("INFOMEDIA") is a Colorado corporation with its principal place of business at 1401 South Taft Avenue, Suite 210, Loveland, CO 80537.

6.     AIR-O-MATIC INC. ("AOM"), is a Florida corporation with its principal place of business at 7785 Baymeadows Way, Ste. 101, Jacksonville, FL 32256.

**THE FACTS**

7.     In 2008, Apple, Inc. ("Apple") introduced the "iPhone."  The iPhone is a revolutionary mobile phone that combines three products in one: a mobile phone, a music system, and portable Internet browser, all with a touch-screen user-friendly interface.

8.     One feature that sets the iPhone apart from its competition is the large selection of software applications or "apps" available for the iPhone.  Apps are programs that iPhone users can download from Apple's App Store on the Internet for use on their iPhone.  Apps "combine the power of the Internet with the simplicity of Multi-Touch technology, all on a 3.5-inch screen."

9.     Apps range in cost from free to $0.99 and up.  Apps vary in use and purpose from allowing a user to check movie times, train schedules, or read restaurant reviews, to play board games, crossword puzzles or figure out appropriate restaurant tips.  Apps are created by independent developers who follow specific guidelines and submit their completed apps to Apple for Apple's approval and sale to the general public.

10.     INFOMEDIA is the developer of an iPhone app entitled "iFart Mobile" ("iFart").  iFart app purchasers who download the iFart app from the Apple iPhone App Store can use iFart to simulate flatulence noises on their iPhones.

2

11.     The iFart novelty application boasts a number of unique features including a built-in security system designed to aurally surprise and discourage iPhone theft.  iFart also features a "Sneak Attack" function using a timer that emits the sound of flatulence when it goes off.  iFart Mobile simulates 20 different sounds of passing gas, from short toots (the "Butt Socket"), to longer drawn out farts (the "Wipe Out"), to every conceivable way of breaking wind in-between.

12.     Defendant AOM is the developer of an iPhone app that competes with iFart Mobile.  AOM's app is descriptively titled "Pull My Finger." AOM's app also simulates flatulence noises on iPhones.  However, the apps function differently, have different interfaces, different "look and feel," and otherwise share little in common beyond their creators' desires to have a little fun with a laughter inducing bodily function.

13.     The phrase "pull my finger," and derivations thereof, are generally known and widely understood in American society to be a joke or prank regarding flatulence. The prank begins when the prankster senses the deep stirrings of flatulence.  The prankster then requests that an unsuspecting person "pull [his or her] finger." The prankster extends his index finger to the victim.  As the victim pulls the prankster's finger his flatulence erupts so as to suggest a causal relationship between the pulling of the finger and the subsequent expulsion of gas.[1] In other words, the phrase "pull my finger" is understood to be a description of the act of passing gas.

**[THIS SPACE INTENTIONALLY BLANK]**

---

[1] "Pull my finger," *Wikipedia*, http://en.wikipedia.org/wiki/Pull_my_finger, last visited Feb. 10, 2009.

14.     iFart and Pull My Finger are not alone.  As of the date of filing this Complaint, the Apple iPhone App Store offered no fewer than 75 different flatulence simulation software applications from no fewer than 50 different developers.

15.     In or about December 2008, Apple approved the iFart app for distribution through the App Store at a price of $0.99 per download. In connection with this new app, INFOMEDIA issued a press release.  The press release was distributed via PRWeb, an internet press release distribution service.   The press release was entitled "iPhones Everywhere Are Now Free to Flatulate." ("INFOMEDIA press release"). A copy of the INFOMEDIA press release is annexed hereto as Exhibit "A."

16.     The INFOMEDIA press release reported that "Placed on review for several months along with other innovative applications, Apple had remained silent as they sought to determine which kinds of applications would be "appropriate" for their audience. Despite its natural occurrence as a bodily function, Apple had made it clear that they didn't want apps asking people to pull my finger."

17.     In response to the INFOMEDIA press release, and despite the common and widespread understanding of the phrase "pull my finger," AOM threatened INFOMEDIA with suit for trademark infringement as a result of its use of the phrase "pull my finger" in the INFOMEDIA press release.

18.     As a gesture of good will, INFOMEDIA revised the press release in question.

19.     On or about January 6, 2009, subsequent to the INFOMEDIA press release, AOM contacted Apple complaining about INFOMEDIA's "violating our client's trademark rights in the PULL MY FINGER mark, by using it prominently and repeatedly in the marketing of its

competing iFart app..."  See correspondence dated Jan. 6, 2009, from Karen Koster Burr, attached hereto as Exhibit "B."

20.     AOM accused INFOMEDIA of "using laudatory quotes pulled from his own content on his own websites; planting negative reviews of the apps of his competitors and positive reviews of his own application, and disparaging his competition with false testimonials."

21.     Thereafter, on or about January 13, 2009, AOM demanded Apple remove the iFart Mobile app from the Apple App Store and cancel its developer contract with INFOMEDIA due to "improper abuse of the Apple Store and our trademark rights." See correspondence dated Jan. 13, 2009, from Karen Koster Burr, attached hereto as Exhibit "C."

22.     In its January 13, 2009 complaint to Apple, AOM also accused INFOMEDIA of improperly promoting the INFOMEDIA product by "On iTunes, Mr. Comm [INFOMEDIA'S CEO] has posted the purported testimonials extolling the superiority of his app over our client's—with quotes from his own website. He appears to have posted negative reviews of our app and those competing apps of others and glowing ones on his own."

23.     Apple refused to take action regarding the AOM complaint and response by INFOMEDIA, encouraging the parties to resolve the dispute among themselves. See correspondence dated January 26, 2009 from Jennifer Adams Draffen attached hereto as Exhibit "D."

24.     After Apple refused to take action regarding the iFart app, AOM, through its counsel, threatened INFOMEDIA directly with suit for infringement and unfair competition demanding immediate payment of tens of thousands of dollars to settle AOM's claims. See correspondence dated Feb. 4, 2009, from Karen Koster Burr, attached hereto as Exhibit "E."

25.     In the correspondence dated February 4, 2009 from Karen Koster Burr, AOM restates the accusations listed above with the addition of two new accusations, first that INFOMEDIA infringed AOMs rights in naming a promotional video on YouTube.com "iFart Mobile – Pull My Finger" and second, that INFOMEDIA "spammed our customers chatting about our app on "Twitter.""

26.     A real and actual case or controversy exists regarding Plaintiff's use of the descriptive phrase "pull my finger" in connection with the marketing and promotion of its iFart product.

27.     INFOMEDIA has retained undersigned counsel to bring this action and agreed to pay them a reasonable fee.

## CLAIM FOR RELIEF - DECLARATORY JUDGMENT

28.     The Plaintiff hereby incorporates Paragraphs 1 through 27 as if fully set forth herein.

29.     This is an action for declaratory judgment under the Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202.

30.     An actual case and controversy exists between the parties that may be adjudicated by this Court consistent with U.S. CONST. art. III, § 2, cl.1.

31.     AOM has taken affirmative action against INFOMEDIA regarding its use of the common, descriptive phrase "pull my finger" in the INFOMEDIA press release, YouTube video, and product reviews that AOM wrongly claims infringe upon AOM's rights.

6

32.     INFOMEDIA has a reasonable apprehension of being a defendant in an infringement suit brought by AOM as a result of AOM's threats against INFOMEDIA that INFOMEDIA has committed infringement.

33.     INFOMEDIA is entitled to bring this action to determine non-infringement because INFOMEDIA has a real and reasonable apprehension that if it continues to use the common, descriptive phrase "pull my finger" to refer to flatulence in connection with the marketing and promotion of its iFart app it will be subject to liability.

34.     AOM has alleged that INFOMEDIA's use of the common, descriptive phrase "pull my finger" constitutes trademark infringement and unfair competition.

35.     INFOMEDIA's use of the common, descriptive phrase "pull my finger" in the INFOMEDIA press release and the YouTube video was not as a brand name or source identifier for its product, but in the phrase's common English language slang sense to describe the act of flatulence.

36.     INFOMEDIA's use of the phrase "pull my finger" in marketing materials for flatulence software is a fair use.

37.     The statements by INFOMEDIA referenced in paragraphs 20 and 21 above are statements of opinion, not statements of fact, and are not actionable.

38.     Any discussion of the AOM product via Twitter.com as alleged by AOM is not actionable.

39.     INFOMEDIA seeks a declaration that its use of the common, descriptive phrase "pull my finger," and the other statements set forth herein, did not and will not infringe upon any valid rights of AOM, for the reasons that, *inter alia*, INFOMEDIA's use of the phrase "pull my

finger" was simply that of a descriptive phrase, is not protectable under federal trademark law as it is merely descriptive of the act of flatulence, was fair use, and even if the phrase "pull my finger" is protectable, that there is no likelihood of confusion between AOM's use of the name "Pull My Finger" to describe its iPhone app and INFOMEDIA's use of the common phrase "pull my finger" to describe the act of flatulence.

### DEMAND FOR RELIEF

WHEREFORE, INFOMEDIA demands judgment as follows:

A.    A declaratory judgment that INFOMEDIA's use of the phrase "pull my finger," and derivations thereof, is lawful and does not infringe on any rights of AOM;

B.    Attorneys fees, costs and interest according to applicable law.

C.    Such other relief as this Court deems just and proper.

Dated: February 13, 2009.

Respectfully submitted,

s/Kevin E. Houchin

**_Kevin E. Houchin_**
HOUCHIN & ASSOCIATES, P.C.
425 West Mulberry • Suite 105
Fort Collins, Colorado  80521
Office: 970.493.1070
Fax: 970.484.0012
kevin.houchin@houchinlaw.com
Colorado Bar No. 35817
Attorneys for Plaintiff
InfoMedia, Inc.

*-and-*

8

s/Joel B. Rothman
**Joel B. Rothman**
Florida Bar No. 98220
jrothman@seidenlaw.com

s/Misha J. Kerr
**Misha J. Kerr**
Florida Bar No. 39652
mkerr@seidenlaw.com

SEIDEN, ALDER, MATTHEWMAN &  BLOCH, P.A.
7795 NW Beacon Square Blvd., Ste 201
Boca Raton, FL 33487
Telephone:      (561) 416-0170
Facsimile:      (561) 416-0171

Co-counsel for Plaintiff
InfoMedia, Inc.

*Pending Application for CO Admission*